IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FREDERICK W. BAUER,

                                                                    ORDER

              Petitioner,

                                                     16-cv-559-bbc

    v.

FEDERAL OFFICIALS/INDIVIDUALS,
ALL 3 BRANCHES,

              Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Petitioner Frederick W. Bauer filed a document entitled "Petition for Extraordinary Writ-Redress-Process-Remedy Coram Nobis" in the United States District Court for the Central District of California. That court has now transferred the petition to this court, where petitioner was convicted of criminal drug charges in the late 1980s. This is the second suit brought by petitioner that has been transferred here since April 12, 2016. The first was docketed as 16-cv-259; leave to proceed was denied in an order entered on May 5, 2016 and the case was closed.

       The present petition suffers from many deficiencies, some of which are of the same type I noted in denying petitioner's previous filing: petitioner has been assessed three strikes for filing frivolous law suits, which means that he may not initiate a new lawsuit without paying the full filing fee for doing so, 28 U.S.C. § 1915(g); it is impossible to make out all that he is alleging or why he believes he is entitled to relief; he seems to be suggesting that

1

he is entitled to new hearings in this court and in the Court of Appeals for the Seventh Circuit on matters that took place more than 20 years ago, despite the running of the statute of limitations on new suits; he alleges wrongdoing by a plethora of individuals who may or may not be subject to jurisdiction in this district for acts taken many years ago; and he does not identify most of the persons who are alleged to have violated his rights. On page 12 of his filing, petitioner lists 60 lawsuits in which he has been involved over the past 24 years.

In the order docketed on May 6, 2016, denying petitioner leave to proceed on a claim against various persons for acts taken in connection with his conviction and incarceration, I noted that his proposed complaint

> is long and involved, but absent any detail that would make it possible for this court to determine exactly what he is alleging and against what defendants. It is clear that he is the victim of a huge conspiracy carried out by the United States Department of Justice and its various agencies, including the Bureau of Prisons, Federal Bureau of Investigation and United States Marshals Service, but it is not at all clear who he believes took the allegedly improper actions and why. Although plaintiff could try to fix the problems by amending his complaint, he cannot fix the fact that [the] statute of limitations has long since run out on the actions plaintiff is challenging.

Petitioner's motion for post conviction relief suffers from the same problems. However, I note that included in the list of the relief petitioner wants is release from the judgment subjecting him to five years of supervised release. He has the right to be heard on the non-standard conditions of his supervision once he is released from custody. United States v. Neal, 810 F.3d 512, 514 (7th Cir. 2016). If petitioner believes that any of the non-standard conditions of supervised release imposed on him in 1988 require review to ensure that they

are still appropriate after so many years, he may seek such review from this court. He is not required to pay any filing fee in order to obtain such a review. However, he should not expect to be relieved of all or even the majority of the conditions of release imposed upon him at the time of his sentencing.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Defendant has not made a substantial showing of a denial of a constitutional right so no certificate will issue.

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one.

Petitioner is free to seek a certificate of appealability from the court of appeals under Fed. R. App. P. 22, but that court will not consider his request unless he first files a notice of appeal in this court and pays the filing fee for the appeal or obtains leave to proceed in forma pauperis.

ORDER

IT IS ORDERED that, with one exception, petitioner Frederick W. Bauer's petition for relief under 28 U.S.C. § 2255 is DENIED for his failure to show that he is entitled to any such relief; however, at any time during the period of his supervised release, petitioner may request a review of the non-standard conditions of release previously imposed upon him. Further, it is ordered that no certificate of appealability shall issue. Petitioner may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 19th day of August, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge